UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QaSHONTAE HOSOMLA SHORT-BRUNDIDGE,

Plaintiff,

v.

SHERLOCK STORAGE, *et al.*,

Defendants.
______________________________/

Case No. 4:26-cv-13780

F. Kay Behm
United States District Judge

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT**

## I. PROCEDURAL HISTORY

Plaintiff QaShontae Hosomla Short-Brundidge, proceeding *pro se*, filed her original complaint on October 5, 2026, naming Sherlock Storage and Austin Hull as Defendants. (ECF No. 1). On the same day, she also filed an application to proceed without prepaying fees or costs. (ECF No. 2). On October 8, 2026, Plaintiff filed an amended complaint adding Annah Lee Giles and Sadaira Deanne Reeves as Defendants. (ECF No. 6). The Court finds the application to proceed without prepaying fees and costs facially sufficient

and **GRANTS** the application. For the reasons explained below, however, Plaintiff's complaint will be summarily **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## II. LEGAL STANDARD

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. ANALYSIS

In her complaint, Plaintiff alleges violations of "42 U.S.C. § 12101, 600 U.S.C. § 1985(c), and ERISA." (ECF No. 6, PageID.5). She also lists "tampering evidence, harassment/stalking, assault, libel, slander, racketeering/corrupt organization, fraud (to steal lawsuits and to kill)" under the section that asks her to list the specific federal statutes that are at issue in the case. (*Id.*). She alleges that she has been "consistently assessed excessive fees for liens and late fees for late fees that were assessed while I (she) was in jail...." (*Id.*, PageID.6). She says that she "requested an itemized statement of fees and was provided a statement which shows numerous

inconsistencies as well as threats to my and my sons (sic) wellbeing," although she does not elaborate on those alleged threats. (*Id.*). She also alleges that after she got out of jail and paid her account, Defendant started charging a 3 percent fee for all debit and credit transactions, and that her statements showed inconsistencies in payment histories during the months she was in jail. (*Id.*).

The statutes that Plaintiff cites to as the basis for her claims are the Americans with Disabilities Act (ADA), the Employee Retirement Income Security Act (ERISA), and—the Court assumes—42 U.S.C. § 1985. However, Plaintiff has entirely failed to state a claim under any of the listed statutes or make out a claim related to any of the other random causes of action that she has listed. In listing the ADA, she merely cites to the "Findings and purpose" section and does not otherwise identify the claim she intends to bring or explain how she believes the Act has been otherwise violated. She similarly does not explain how ERISA or section 1985 are implicated in her allegations. *See Thiokol Corp. v. Roberts*, 858 F. Supp. 674, 675 (W.D. Mich. 1994) ("ERISA is a comprehensive federal statute designed to promote the interests of employees and their beneficiaries in employee pension and benefit plans."), *aff'd sub nom. Thiokol Corp., Morton Int'l v. Roberts*, 76 F.3d 751 (6th Cir.

1996); *Neibarger v. Licking Metropolitan Housing Authority*, No. 2:26-CV-1131, 2026 WL 3093084, at *6 (S.D. Ohio Oct. 16, 2026) ("Section 1985 prohibits conspiracies to deprive persons of certain civil rights on account of their membership in a protected class."). Overall, Plaintiff has failed to provide a "short and plain statement of the claim showing that [she] is entitled to relief" as required under Fed. R. Civ. P. 8(a)(2), and, even more, she has also failed to explain how each of the defendants were individually involved. As Plaintiff has failed to elaborate on her claims under any of the cited statutes, her complaint must be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons set forth above, although Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, but Plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Date: November 9, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge